```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

 ROBERT JAMES SWINT,

                        Plaintiff,              MEMORANDUM & ORDER
                                                23-cv-7597(EK)(LB)

            -against-

 PREMDOR, SLING TV, PREMEIRE TV
 SERVICE, COURTLAND CABLE
 COMPANY, SPECTRUM CHARTER
 COMMUNICATIONS, and NATIONAL
 PREMIERE LEAGUE

                        Defendants.

----------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Robert James Swint, a resident of Oregon, filed this complaint seeking unspecified relief against a number of communications companies. Compl. ECF No. 1. The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As set forth below, the complaint is dismissed.

Swint, who is proceeding *pro se*, is a frequent filer, with over 80 cases filed in various federal district and appellate courts nationwide.[1] Recently, the United States District Court for the Southern District of New York barred Swint from filing any future civil action seeking *in forma*

---

[1] *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=9e00977a9e4f42c8882805871a0fbdbd (last visited Oct. 31, 2023).

*pauperis* status in that court without advance permission. *See Swint v. Verizon Wireless*, No. 1:23-cv-4067 (LTS) (S.D.N.Y. Oct. 3, 2023) (ECF No. 7).

## I. Standard of Review

At the pleading stage, "all well-pleaded, nonconclusory factual allegations" in the complaint are assumed to be true. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 855 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## II. Discussion

**A.   The Action is Dismissed As Frivolous**

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Swint's complaint is largely incomprehensible and does not present any cognizable claim. Among other things, Swint states: "Let's bring up that 'Death Star' discovered in or on

3

Sept 17 1789." Compl. at 3. The Court cannot discern what the defendants did or failed to do or what legally cognizable harm Swint has suffered that warrants a federal court's redress. Even when liberally construed, Swint's complaint is "factually frivolous" and must be dismissed. *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011); *Walker v. Real Life Church*, No. 22-CV-4455, 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered).

**B.   Frivolous Filing Warning**

In light of Swint's litigation history, the Court warns him against frivolous litigation. "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). Thus, Swint is on notice that the Court may impose sanctions, such as a filing injunction, should he continue to file similar actions in this Court. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (noting that district courts "may not impose a filing injunction . . . without providing the litigant with notice and an opportunity to be heard").

### III. Conclusion

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). While *pro se* plaintiffs are ordinarily granted leave to amend if "the complaint gives any indication that a valid claim might be stated," *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015), leave to amend "may properly be denied if the amendment would be futile," *Grullon v. County of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013), or where the action is frivolous. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Since this complaint is devoid of any apparent or colorable basis in law or fact, defects that cannot be cured by amendment, leave to amend is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment, mark this case closed, mail a copy of this Memorandum and Order to Plaintiff, and note mailing on the docket.

SO ORDERED.

```
                                    /s/ Eric Komitee
                                    ERIC KOMITEE
                                    United States District Judge
```

Dated:     September 6, 2024
           Brooklyn, New York